UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BMO BANK N.A., a national banking association, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) |
| PERRY BRYANT, an individual, PHILLIP CLARK, an individual, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, BMO Bank N.A., and in support of its Complaint (the "Complaint"), states as follows:

## PARTIES

1. Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("Plaintiff") is a national banking association with its main office located in Chicago, Cook County, Illinois, as set forth in its articles of association. Effective September 3, 2023, Plaintiff adopted amended articles of association pursuant to which its corporate title was changed from "BMO Harris Bank National Association" to "BMO Bank National Association." For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant Perry Bryant ("Mr. Bryant") is an individual domiciled within, and a citizen of, the State of Alabama and may be served with process at 1229 North Drive, Mobile, Alabama 36605.

3. Defendant Phillip Clark ("Mr. Clark" and together with Mr. Bryant, "Defendants") is an individual domiciled within, and a citizen of, the State of Florida and may be served with process at 2650 NW 16th Street, Fort Lauderdale, Florida 33311.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. This court has personal jurisdiction over the Defendants as Mr. Bryant is an individual residing in and operating a business within Alabama and Mr. Clark is operating a business in Alabama, and both guaranteed the performance of a business operating within Alabama.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. On or about May 22, 2018, non-party Road Lion Corporation ("Borrower") entered into a Loan and Security Agreement (the "First Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "First Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement is attached hereto and incorporated herein as **Exhibit A**.

10. Plaintiff performed all of its obligations under the First Agreement and did, in fact, finance Borrower's purchase of the First Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the First Agreement.

11. On or about June 15, 2018, Borrower entered into a Loan and Security Agreement (the "Second Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "Second

Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Agreement is attached hereto and incorporated herein as **Exhibit B**.

12. Plaintiff performed all of its obligations under the Second Agreement and did, in fact, finance Borrower's purchase of the Second Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Second Agreement.

13. On or about June 22, 2018, Borrower entered into a Loan and Security Agreement (the "Third Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "Third Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Third Agreement is attached hereto and incorporated herein as **Exhibit C**.

14. Plaintiff performed all of its obligations under the Third Agreement and did, in fact, finance Borrower's purchase of the Third Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Third Agreement.

15. On or about December 20, 2019, Borrower entered into a Loan and Security Agreement (the "Fourth Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "Fourth Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Fourth Agreement is attached hereto and incorporated herein as **Exhibit D**.

16. Plaintiff performed all of its obligations under the Fourth Agreement and did, in fact, finance Borrower's purchase of the Fourth Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Fourth Agreement.

17. On or about January 29, 2020, Borrower entered into a Loan and Security Agreement (the "Fifth Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "Fifth Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Fifth Agreement is attached hereto and incorporated herein as **Exhibit E**.

18. Plaintiff performed all of its obligations under the Fifth Agreement and did, in fact, finance Borrower's purchase of the Fifth Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Fifth Agreement.

19. The First Agreement, Second Agreement, Third Agreement, Fourth Agreement, and Fifth Agreement are referred to collectively herein as the "Agreements."

20. The First Loan Collateral, Second Loan Collateral, Third Loan Collateral, Fourth Loan Collateral, and Fifth Loan Collateral are referred to collectively herein as the "Collateral."

21. Defendants guaranteed the full and timely performance of Borrower under all its present and future obligations to Plaintiff and its affiliates, successors, and assigns (the "Guaranty"). True and correct copies of the Continuing Guaranties dated January 29, 2020 executed by Defendants in favor of Plaintiff and its affiliates, successors, and assigns evidencing the Guaranty are attached hereto and incorporated herein as **Exhibit F**.

22. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default. *See, e.g.*, Exhibit A, at ¶ 5.1(a).

23. Under the terms and conditions of the Agreements, the filing of a petition in bankruptcy or for an arrangement, reorganization or similar relief, by or against the Borrower or a guarantor, is an event of default. *See, e.g.*, Exhibit A, at ¶ 5.1(e).

### Default under the Agreements

24. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

25. More specifically, Borrower failed to make a payment for the October 1, 2023 payment due under the First Agreement, the July 1, 2023 payment due under the Second Agreement, the August 7, 2023 payment due under the Third Agreement, the August 1, 2023 payment due under the Fourth Agreement, and the September 1, 2023 payment due under the Fifth Agreement. Borrower's defaults are continuing.

26. In addition, on December 1, 2023, Borrower filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court"), initiating Case No. 23-12841 (the "Bankruptcy Case"). A true and correct copy of the Notice of Bankruptcy Filing is attached hereto as **Exhibit G**.

27. As a result of Borrower's default under the Agreements, effective November 28, 2023, Plaintiff elected to accelerate the balance due under the Agreements and declare the entire indebtedness owed pursuant to the Agreements immediately due and payable.

28. Defendants are in default under the Guaranty.

29. Defendants failed to make payments when they became due under the Agreements. Defendants' defaults under the Agreements and Guaranty are continuing.

30. Plaintiff notified Defendants of Borrower's default under the Agreements and made demand upon Defendants to pay the amounts due under the Agreements and Guaranty.

31. Further, on November 30, 2023, Plaintiff notified Defendants of Plaintiff's election to accelerate the balance due under the Agreements and made written demand for payment due under the Agreements and Guaranty. True and correct copies of Plaintiff's demand letters to Defendants dated November 30, 2023 is attached hereto and incorporated herein as **Exhibit H.**

32. Calculated as of November 30, 2023, the amount due and owing under the Agreements, not including attorneys' fees and costs of collection, was an amount not less than $254,792.14. In addition, default interest, fees, and expenses continue to accrue as set forth in the Agreements.

33. The Guaranty expressly provides that Plaintiff and Defendant unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto. *See* Exhibit F.

34. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and Guaranty.

35. Plaintiff has retained the services of Husch Blackwell LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Agreements. *See, e.g.*, Exhibit A, at ¶ 5.2(a).

## COUNT I
## BREACH OF CONTRACT – DEFENDANTS

36. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

37. Defendants executed and delivered to Plaintiff the written Guaranty evidencing Defendants' obligations.

38. Plaintiff relied on the Guaranty in financing Borrower's purchase of the Collateral.

39. Defendants guaranteed the payment and performance of Borrower under the Agreements, and the Guaranty is not merely a guaranty of collection.

40. Plaintiff made demand upon Defendants to perform their obligations under the Guaranty and the Agreements.

41. Despite demand, Defendants failed to perform their obligations under the Guaranty and the Agreements.

42. Defendants breached the Guaranty by their failure to make payments under the Agreements as they became due.

43. By breaching the Guaranty, Defendants have damaged Plaintiff.

44. The Guaranty provides that Defendants shall pay to Plaintiff all reasonable attorneys' fees and costs and expenses incurred in connection with any indebtedness Defendants fail to pay under the Agreements.

45. Plaintiff has incurred and continues to incur expenses in its efforts to collect this debt, including attorneys' fees and costs.

46. Defendants have waived their right to a jury trial.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Defendants, jointly and severally, in the amounts due under the Agreements and Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: January 8, 2024.

                                                Respectfully Submitted,

**HUSCH BLACKWELL LLP**

By:    */s/ Adam Buddenbohn*
         Adam Buddenbohn
         Alabama Bar No. ASB-2816-P65O
         120 South Riverside Plaza, Suite 2200
         Chicago, Illinois 60606
         Telephone: (312) 526-1519
         Facsimile: (312) 655-1501
         Email: Adam.Buddenbohn@huschblackwell.com

***Attorneys for BMO Bank N.A.***