UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BMO BANK N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 1:24-cv-6-TFM-M |
| PERRY BRYANT and PHILLIP CLARK, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND DEFAULT JUDGMENT**

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 28, filed 12/27/24) against Defendant Defendants Perry Bryant and Phillip Clark. For the reasons stated below, the motion is **GRANTED**.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a

default judgment under Rule 55(b).  *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016).  Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same).  The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient.  "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'"  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1).  In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances."  *SEC v. Smythe*, 420 F.3d 1225, 1231-32

n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

After default was entered and the motion for default judgment filed, the Court set a hearing and notified the Defendants of the hearing date. *See* Doc. 30. The Court also warned the Defendants that failure to respond and/or appear could constitute a waiver of their rights to defend themselves in this lawsuit. Heedless of the warning, Defendants both failed to respond or attend the hearings.

Therefore, having reviewed the complaint, the motion for default judgment, the memorandum in support of the motion, and the declaration of Debb White filed in support thereof against Defendant Perry Bryant ("Bryant") and Defendant Phillip Clark ("Clark") – collectively "Defendants" – and in consideration of the entire record herein, this Court finds the following:

1. On January 8, 2024, Plaintiff filed its Complaint against Defendants. *See* Doc. 1. As set forth in the Complaint, Plaintiff sought to recover certain damages related to certain defaults by Borrower under loan and security agreements and by Defendants under personal guaranties. That same date, the Clerk issued a Summons for Defendants.

2. On January 11, 2024, Clark was served with copies of the Summons and Complaint. *See* Doc. 7. Specifically, a process server, at Clark's residence served on Mrs. Clark the complaint and summons. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Mr. Clark to serve an answer or other responsive document was on or before February 1, 2024. No answer or other response was filed by Clark.

3. On February 23, 2024, Plaintiff filed a motion to serve by publication relating to Bryant. *See* Doc. 11. On March 6, 2024, the Court denied the motion to serve by publication finding that Plaintiff had not established Bryant was actively avoiding service, but instead had merely shown they had not found him yet. *See* Doc. 12. After the motion was denied, the case

lingered for a time and on July 8, 2024, the Court issued a show cause order why Bryant should not be dismissed for failure to serve under Fed. R. Civ. P. 4(m). *See* Doc. 16. In response, Plaintiff requested a further extension for service and gave a timeline of its continued attempts to locate and serve Bryant. *See* Doc. 17. The Court granted the request and extended the deadline for service to August 30, 2024. *See* Doc. 18.

4. On July 9, 2024, the Clerk issued its Second Alias Summons for Bryant. *See* Doc. 21. On August 19, 2024, Mr. Bryant was personally served with copies of the summons and Complaint. *See* Doc. 22. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Bryant to serve an answer or other responsive document was on or before September 9, 2024. No answer or other response was filed by Bryant.

5. On September 18, 2024, Plaintiff filed an application for the entry of default as to Bryant for which the Clerk of Court entered default on September 19, 2024. *See* Docs. 23, 24.

6. On October 10, 2024, Plaintiff filed an application for the entry of default as to Clark for which the Clerk of Court entered default on October 15, 2024. *See* Docs. 25, 26.

7. After two months of inaction, on December 11, 2024, the Court entered an order instructing Plaintiff to take action in the case by filing an appropriate motion under Fed. R. Civ. P. 55(b), paperwork dismissing the action pursuant to Fed. R. Civ. P. 41(a), or otherwise indicate how Plaintiff wished to proceed. *See* Doc. 27.

8. In response to the Court's order, Plaintiff filed its motion for default judgment, supporting brief, and evidence on December 27, 2024. *See* Docs. 28, 29. The Court entered a briefing schedule and set a hearing for February 5, 2025. *See* Doc. 30.

9. Neither Bryant nor Clark filed a response or appeared at the hearing.

10. In the case at hand, since default has been entered, the factual allegations of the

complaint are now deemed admitted. *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal quotations marks and citation omitted)). The facts in the Complaint support Plaintiff's claim for judgment arising from the loan and security agreements entered into by non-party Road Lion Corporation and the personal guaranties entered by Plaintiff and Defendants. The facts establish Plaintiff's claims for breach of guaranty.

11. The Court finds that the motion for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

A. Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $285,222.46 as of December 24, 2024, plus interest accruing at the rate of $119.44 per diem following December 24, 2024 until the date of judgment, plus reasonable attorneys' fees and expenses;

B. Plaintiff shall submit its attorney's fees by motion with evidentiary support on or before **February 21, 2025**;

C. This is a final order, the terms of which are effective immediately. However, the Court will enter a final judgment in this matter following the resolution of the attorney's fees motion.

**DONE** and **ORDERED** this 6th day of February 2025.

s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE