IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BMO BANK N.A., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO.  1:24-cv-6-TFM-M |
| | ) |
| PERRY BYRANT, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff BMO Bank N.A.'s Motion for Attorneys' Fees and Costs* (Doc. 37, filed February 21, 2025). Following the grant of default judgment in Plaintiff's favor, Plaintiff moves the Court to award attorney fees and costs pursuant to Fed. R. Civ. P. 54(d). No response was filed. Upon review of the motion and the relevant law, the motion is **GRANTED in part and DENIED in part** as discussed below.

**I.    PROCEDURAL BACKGROUND**

The procedural background of this case was previously outlined in detail by the Court and can be found the Memorandum Opinion and Order granting default judgment in favor of the Plaintiff. *See* Doc. 35. Following the entry of default judgment, Plaintiff filed the instant motion for attorneys' fees and costs. Given that default judgment was entered against both Defendants in this case, and the time for Defendants to file a response to the motion for attorney's fees has long past, the Court finds the motion is ripe for review and oral argument is unnecessary.

**II.    DISCUSSION AND ANALYSIS**

**A.    Attorney's Fees**

The following are the claimed hourly rates and hours worked for counsel and their

paralegals:

|                          | **Claimed Hourly Rate ($)** | **Claimed Hours Worked** |
|--------------------------|-----------------------------|--------------------------|
| Aaron Chapin             | 445.00                      | 8.1                      |
| Ryan Burgett             | 375.00                      | 40.5                     |
| Adam Buddenbohn          | 375.00                      | 1.4                      |
| Madeline Leonard Phifer  | 295.00                      | 11.2                     |
| Morgan Hutchinson        | 295.00                      | 1.0                      |
| Elizabeth Arundel        | 195.00                      | 0.2                      |
| Penny Keller             | 195.00                      | 0.4                      |

*See* Doc. 37-1. In total, Plaintiff seeks attorneys' fees in the amount of $23,033.00 and costs in the amount of $3,016.80. *Id.* at 2. Plaintiffs attach to their motion the affidavit of Aaron Chapin, supporting the requested hourly rate and time spent on the case. Doc. 37-1. Plaintiff also attaches for each counsel and paralegal, an accounting of the work performed in this matter. *Id.* at 7-16. Finally, Plaintiff attaches an accounting of expenses incurred. *Id.* at 17.

As noted above, default judgment was granted in favor of the Plaintiff in this case, and Defendants have failed to appear despite being properly served. Thus, no response was filed as to the motion for attorneys' fees and costs. In the Memorandum Opinion and Order granting default judgment, the Court found Plaintiff was entitled to reasonable attorneys' fees and expenses. *See* Doc. 35 at 5.

"[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The first step in calculating a reasonable attorney's fee award is to determine

the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 713 (11th Cir. 2014)[1] (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); *see also Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve.").

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)."[2] *Id.* "The *Johnson* factors include: (1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1242-43 (11th Cir. 2011) (citations omitted). And, after determination of the lodestar, that "number" may then be "adjusted after considering other factors, such as the results obtained." *Martinez,* 579 F. App'x at 713 (citations omitted). Although the

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

"*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar-doing so amounts to double-counting." *Bivins,* 548 F.3d at 1352 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992)).

In determining the proper lodestar in this case, the undersigned first considers how many hours were reasonably expended in pursuing this matter then what hourly rates are reasonable. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437.

### 1. Hours Reasonably Expended

"'Fee applicants must exercise what the Supreme Court has termed 'billing judgment,' which requires the exclusion of excessive, redundant, or otherwise unnecessary hours." *Smith v. Werner Enters., Inc.*, Civ. Act. No. 14-0107-WS-B, 2015 U.S. Dist. LEXIS 153536, at *12, 2015 WL 7185503, at *4 (S.D. Ala. Nov. 13, 2015) (citations and internal quotation marks omitted). Indeed, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Barnes,* 168 F.3d at 428. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* "Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." *Norman v. Hous.*

*Auth. of the City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988). "Moreover, because an assessment of the reasonableness of the hours requested (at least when objection is adequately raised by the defendant) contemplate[s] a task-by-task examination of the hours billed, plaintiffs' counsel is required to record each task, and the time associated with each, with sufficient clarity that the Court can evaluate the reasonableness of the expenditure of time." *Smith*, 2015 U.S. Dist. LEXIS 153536, at *12, 2015 WL 7185503*,* at *4 (citations and internal quotation marks omitted).

Plaintiff claims their attorneys and their paralegals expended approximately 62.8 hours on this matter. Doc. 37-1 at 3. The Court thoroughly reviewed the billing summaries for all counsel and paralegals. The billing summaries describe the attorney or paralegal billing the time, the date, number of hours worked, the corresponding dollar amount billed, and a narrative explaining how the time was spent. Though detailed in some ways, there are still issues that the Court identifies which will be discussed in more detail below.

"[T]he general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "In addition to a reduction for block billing, a time entry may be further discounted where the description of the work performed is overly vague." *Bujanowski v. Kocontes*, Civ. Act. No. 8:08-cv-0390-T-33EAJ, 2009 U.S. Dist. LEXIS 50659, at *5, 2009 WL 1564263, at *2 (M.D. Fla. 2009) (citation omitted). Further, "'[b]lock billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 193, 203 (11th Cir. 2012). Block billing "makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task." *Barnes*, 168 F.3d at 429. "Courts have . . . approved across-the-board reductions in block-billed hours to offset the effects of block billing."

*Ceres*, 476 F. App'x at 203.

The billing summaries provided by Plaintiff do not include any instances of block billing. During the approximately 13 months that this case proceeded before the Court, they spent approximately 62.8 hours on this matter. However, upon a close review of the billing summaries, the Court notes that numerous billing entries relate to the bankruptcy case and the debtor in that case, rather than the instant case in which the debtor is not a defendant. For example, there are a few entries related to drafting a motion for a stay in the bankruptcy proceeding. Additionally, there are several entries related to settlement, adequate protection, and reorganization issues, all of which are specific to the bankruptcy case and have no bearing on the Plaintiff's pursuit of this case where the bankruptcy debtor is not a party. Plaintiff does not cite to any law that permits it to recover attorneys' fees from a separate action in this case, and the Court is not aware of any such authority.

The Court has identified a total of 73 entries totaling 24.5 hours that appear to be solely related to the bankruptcy matter and are not recoverable here. Additionally, the Court has identified 51 entries totaling 9.8 hours for which it is unable to determine whether the time spent is recoverable in this case because the subject matter was blocked out. While most of these entries appear to be communications with the client, without information on the subject matter the Court cannot determine if the communications relate to this case, the bankruptcy case, both, or something else entirely. Accordingly, the Court finds a 50% reduction of those billing entries is warranted, resulting in a reduction of 4.9 hours.

In total, then, the Court reduces the claimed hours by 29.4, resulting in a total sum of 33.4 recoverable hours. Because there were various attorneys and paralegals working on this matter and each have different hourly rates, the chart below outlines the hour reductions made specific to

each attorney or paralegal.

|  | Claimed Hours | Adjusted Hours |
|---|---|---|
| Aaron Chapin | 8.1 | 4.7 |
| Ryan Burgett | 40.5 | 17.0 |
| Adam Buddenbohn | 1.4 | 0.0 |
| Madeline Leonard Phifer | 11.2 | 11.2 |
| Morgan Hutchinson | 1.0 | 0.5 |
| Elizabeth Arundel | 0.2 | 0.0 |
| Penny Keller | 0.4 | 0.0 |

Buddenbohn, Arundel, and Kelly have no hours remaining which leaves the following individuals for further analysis under lodestar.

|  | Claimed Hourly Rate ($) | Adjusted Hours |
|---|---|---|
| Aaron Chapin | 445.00 | 4.7 |
| Ryan Burgett | 375.00 | 17.0 |
| Madeline Leonard Phifer | 295.00 | 11.2 |
| Morgan Hutchinson | 295.00 | 0.5 |

2.     **Reasonable Hourly Rates**

"The Eleventh Circuit has instructed that a reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.'" *McDonald* [*v. ST Aerospace Mobile, Inc.,* Civ. Act. No. 12-0313-CG-C], 2013 WL 1389976, [at] *3 [(S.D. Ala. April 4, 2013)] (citing *Norman,* 836 F.2d at 1303). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" [ ]*Barnes,* 168 F.3d [ ] at 437 (citing *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)[)]. However, "[i]f the fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing to handle his claims." *Barnes*, 168 F.3d at 437. The fee applicant "bears the burden of producing

satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman,* 836 F.2d at 1299. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman,* 836 F.2d at 1299.

*Cormier v. ACAC Inc.*, Civ. Act. No. 13-0158-CG-M, 2013 U.S. Dist. LEXIS 173659, at * 2, 2013 WL 6499703, at *2 (S.D. Ala. Dec. 11, 2013). "Also, the court is familiar with the prevailing rates in this district and may rely upon its own 'knowledge and experience' to form an 'independent judgment' as to a reasonable hourly rate." *Garrett Invs., LLC v. SE Prop. Holdings, LLC*, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

However, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11h Cir. 2000). In the situation at hand, the undersigned recognizes that it has been many years since there has been a market study of prevailing rates. Further, the Court is well-aware that rates have increased considerably over the last decade. Therefore, the Court finds the prior awards have little value to the rates today especially as many awards seem to rely upon hourly rates established between 2000-2010. Therefore, the Court relies upon its own independent experience and analysis of the local market in determining appropriate hourly rates.

      **a.**    **Hourly Rates**

Plaintiffs request an hourly rate of $445 for Mr. Chapin, $375 for Mr. Burgett and Mr. Buddenbohn, $295 for Ms. Hutchinson and Ms. Leonard Phifer, and $195 for Ms. Arundel and Ms. Keller. *See* Doc. 37-1. Because the Court found that the hours included for Mr. Buddenbohn, Ms. Arundel, and Ms. Keller were related to the bankruptcy action and not recoverable in this case, the Court does not determine reasonable hourly rates for those individuals. However, the Court does note that the submitted paralegal rates is much higher than the rates previously determined

by the Southern District of Alabama – even in a recent opinion by the undersigned in which rates were increased for market reasons.

In Mr. Chapin's affidavit, he provides many arguments, which reflect some of the *Johnson* factors, to support the claimed hourly rates:

> [he has] been practicing in the area of commercial litigation related to financial transactions for more than fifteen years. Mr. Burgett has been practicing in commercial litigation related to financial transactions for more than ten years. [. . .] Ms. Leonard Phifer has been practicing commercial litigation related to financial transactions for more than three years. Ms. Hutchinson has been practicing in commercial litigation related to financial transactions for more than a year.

*Id.* at 4-5.

Mr. Chapin also notes that:

> [t]he principal attorney handling this matter for Plaintiff is Ryan Burgett, who is a Partner, licensed in the States of Georgia, Mississippi, and Tennessee and admitted to appear before this Court pro hac vice. [. . .] Mr. Burgett prepared the majority of the substantive pleadings and filing in this matter as well as generally managed the engagement.

*Id.* at 2.

Further, Mr. Chapin states that "the rates set forth in Schedule 1 reflect a discount of Husch Blackwell's customary rates, said discount being provided generally to Plaintiff on most matters given the volume of work performed by Husch Blackwell on behalf of Plaintiff." *Id.* at 5. He further notes that in reviewing invoicing prior to billing, he used his billing judgment to reduce or write off time. *Id.*

All of the claimed hourly rates are higher than the prevailing rates used in past awards from more than five years ago. The Court further notes that the more recent opinions on attorneys' fees issued by other judges utilize rates similar to those that were found reasonable almost 10-15 years ago. *See, e.g., United States ex rel. Sheppard v. Pathway of Baldwin Cnty.*, LLC, Civ. Act. No. 17-00355-KD-N, 2025 WL 887526, 2025 U.S. Dist. LEXIS 52380, at *11-14 (S.D. Ala. Mar. 21,

2025) (awarding a $350 hourly rate to an attorney with 30 years of experience); *Brown v. Lambert's Café III*, Civ. Act. No. 15-0029-CG-C, 2016 WL 325131, 2016 U.S. Dist. LEXIS 9194, at *8 (S.D. Ala. Jan. 27, 2016) (awarding an attorney with 32 years of experience $325 an hour). Yet the undersigned issued a more recent opinion found that higher rates were appropriate and still stands by that conclusion. *See Hardy v. City of Selma*, Civ. Act. No., 2024 U.S. Dist. LEXIS 169139, at *20 (S.D. Ala. Sept. 19, 2024) (awarding a $400 hourly rate to an attorney practicing since 1977 and to an attorney practicing since 1991).

Recognizing that inflation has led to increases in all facets of society – to include attorneys' prevailing rates, the Court deems it appropriate to shift upward from most awards from the last few years – much as the undersigned did in the *Hardy* case. That said, the Court does find that some rates submitted exceed the undersigned's assessment of the market rate. Therefore, the Court adjusts the rates for Ms. Leonard Phifer and Ms. Hutchinson. With all of the above in mind and in consideration of the *Johnson* factors, the Court finds an hourly rate of $445 for Mr. Chapin (an attorney with more than 15 years of experience), $375 for Mr. Burgett (an attorney with more than 10 years of experience), $275 Ms. Leonard Phifer (an attorney with more than 3 years of experience), and $225 for Ms. Hutchinson (an attorney with more than 1 year of experience) to be reasonable. Therefore, the adjustments are noted here:

|  | Claimed Hourly Rate ($) | Adjusted Hourly Rate ($) |
| --- | --- | --- |
| Aaron Chapin | 445.00 | 445.00 |
| Ryan Burgett | 375.00 | 375.00 |
| Madeline Leonard Phifer | 295.00 | 275.00 |
| Morgan Hutchinson | 295.00 | 225.00 |

3.   **Lodestar Calculation**

After making the appropriate adjustments to the reasonable hourly rates and the hours that were reasonably expended, the Court finds the lodestar is $22,697.00 which is shown here:

|  | Adjusted Hourly Rate | Adjusted Hours | Amount (Rounded to the Nearest Cent) |
|---|---|---|---|
| Aaron Chapin | $445 | 4.7 | $2,091.50 |
| Ryan Burgett | $375 | 17 | $6,375.00 |
| Madeline Leonard Phifer | $275 | 11.2 | $3,080.00 |
| Morgan Hutchinson | $225 | 0.5 | $112.50 |
| **Total** |  |  | **$11,659.00** |

4.   **Adjustments to the Lodestar**

While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry[,]" *Hensley,* 461 U.S. at 434, this Court does bear in mind that "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins,* 548 F.3d at 1350 (citations and quotations omitted). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Id.* at 1350-51 (citation omitted). Here, the Court granted default judgment in Plaintiff's favor on all of its claims. Moreover, the Court already made the appropriate modifications when performing its analysis on hours and rate. No further downward adjustment to the lodestar is warranted.

Therefore, the Court finds that appropriate amount to recover for attorneys' fees is $11,659.00.

B.   **Costs**

Plaintiff requests expenses for this matter in the amount of $3,016.80 be reimbursed. The

amount is comprised of the court filing fee ($405.00), a fee to file a motion for stay of relief in the Borrower's bankruptcy case ($199.00), multiple service attempts on Perry Bryant (five attempts totaling $964.00), a private investigator to locate the whereabouts of Perry Bryant ($1,200.00), rush service of process on Perry Bryant ($175), and service of process on Phillip Clark ($73.80). Plaintiffs' expenses are described in Mr. Chapin's affidavit and further accounted for in an exhibit, both of which were filed in support of the motion for attorney's fees and costs. *See* Doc. 37-1 at 5, 17. Plaintiffs do not cite to statutory or case law in requesting the above-mentioned expenses.

Pursuant to Federal Rule of Civil Procedure 54, the general rule is that costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d). However, "a court may only tax costs as authorized by statute." *U.S. Equal Emp't Opp. Comm'n v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (2002) (The Supreme Court emphasized that Rule 54(d)(1) is not a separate source of authority, granting to District Courts the discretion to tax items which are not set forth in § 1920 as costs. Therefore, district courts may only award costs for items set forth in § 1920).

Here, while there is a contract allowing for the recovery of legal expenses, the contract limits those by stating:

> If allowed by law, the legal expenses shall include to amount of any flat fee, retainer, contingent fee or the hourly charges of any attorney retained by [Plaintiff] in enforcing any of [Plaintiff's] rights hereunder or in the prosecution or defense of any litigation related to this Agreement or the transactions contemplated by this Agreement.

Doc. 37 at 2. Thus, the contract clearly limits "legal expenses" to attorneys' fees. *Id*. Thus, the

Court turns to the statute governing permitted costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title [28 USCS § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

The Court filing fee for the amount of $405 is clearly encompassed by 28 U.S.C. § 1920(1) and is therefore taxable.

Costs for personal service of process may be taxed under 28 U.S.C. §1920(1). *United States EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). However, costs for service of process may not exceed the amount allowable for service by the U.S. Marshal's Service. *See* 28 C.F.R. § 0.114(a)(3); *Varesis v. Landry*, Civ. Act. No. 21-00084-KD-M, 2023 WL 6142352, 2023 U.S. Dist. LEXIS 167178, at *11 (S.D. Ala. Sept. 20, 2023) (holding the same as to costs for service of subpoenas). The cost allowable for service of process by the U.S. Marshals Service is $65 per hour.

Here, Plaintiff does not provide a breakdown of the time spent on each service attempt nor does the evidence show any recoverable fees or mileage. Therefore, the Court cannot fully analyze it. Accordingly, the Court will grant the Plaintiff's costs in the amount of one hour per each service of process attempt on the Defendants. There was one attempt for Mr. Clark and six attempts on Mr. Bryant - thus, seven service attempts in total. This brings the Plaintiff's recoverable cost for service of process to $455.00, rather than the requested $1,212.80.

Additionally, the Court has concerns with Plaintiff's requested costs for the private investigator totaling $1,200. There is a split of authority in this Circuit regarding whether costs for private investigators are recoverable. *See Diamond Heads, LLC v. Everingham*, Civ. Act. No. 8:07-cv-462-T-33TBM, 2011 WL 3269685, 2011 U.S. Dist. LEXIS 83321, at *7-8 (M.D. Fla. July 29, 2011) (discussing split). The court in *Diamond Head* ultimately held, "[w]hile there is a split of authority on the matter, I find the better reading of the statute to preclude investigator fees as taxable costs under § 1920. *See id.* at 8 (citing *U.S. v. Adkinson*, 256 F. Supp. 2d 1297, 1323 (N.D. Fla. 2003).

Plaintiff does not provide any breakdown of the work done by the private investigator for that cost. Given that investigative fees are not specified by § 1920, this Court agrees with the courts finding that investigative fees are not taxable as costs. *See generally* 28 U.S.C. § 1920; *see also Trapenard v. Clester*, Civ. Act. No. 6:22-cv-660, 2023 WL 6196860, 2023 U.S. Dist. LEXIS 168966, at *13-14 (M.D. Fla. Sep. 22, 2023) (collecting cases denying private investigator fees). Accordingly, the $1,200 private investigator fee is not taxable here.

On a similar note, the Court has not encountered, and Plaintiff does not cite, any reading of § 1920 that permits the recovery of filing fee paid in a separate court action. Thus, the $199 fee to file a motion for stay of relief in the Borrower's bankruptcy case is also not taxable here.

Thus, removing the matters identified above as not permitted under § 1920, the taxable costs are reduced to $860.00.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 37) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar as Plaintiff is awarded attorney's fees in the amount of **$11,659.00**, and costs and expenses in the amount of **$860.00**, for a total of

**$12,519.00**.  The motion is **DENIED** to the extent Plaintiff seeks additional recovery.

Based on the above, Plaintiff is **DIRECTED** to provide a proposed judgment which would conclude this matter under Fed. R. Civ. P. 55 and 58.  The proposed final judgment shall be due to the Court on or before **April 25, 2025**.

**DONE** and **ORDERED** this 16th day of April 2025.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE